UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STEVEN J. WHITE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 6454 |
| | ) | |
| CITY OF WAUKEGAN, ANNE C. LINN, | ) | |
| JOHN JURKOVAC, JODY LANNING, | ) | |
| DAVID MARION, A.J. BOOTH, | ) | |
| KEN LEBEN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendants City of Waukegan (the "City"), Anne C. Linn, John Jurkovac, Jody Lanning, David Marion, A.J. Booth, and Ken Leben (collectively, "Defendants") to dismiss Plaintiff Steven J. White's ("White") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is granted.

### **BACKGROUND**[1]

Although White's Second Amended Complaint is difficult to decipher, this Court attempts to put the pieces of the puzzle together and liberally construes White's *pro se*

---

[1] For purposes of the motion to dismiss, we accept the allegations of the Second Amended Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

pleading. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting the court's obligation to liberally construe *pro se* pleadings). On January 5, 1994, White executed a contract with David B. Lopez ("Lopez") to lease, with the option to buy, a two-unit building in Waukegan (the "Property"). Lopez is the titleholder of the Property and, pursuant to the contract, White maintained an equitable interest in the Property. A mortgage existed on the Property and this Court assumes, although unclear from the allegations, that Lopez, the titleholder, was the mortgagor.

On June 28, 2007, a fire occurred at the Property, during which the Defendants stopped the utilities and barricaded the doors. White alleges that although the Property sustained no structural damage, the Defendants rendered the units uninhabitable and ejected the residents. White alleges that Defendants' actions prevented him from restoring the utilities to the Property and making the Property fit for human habitation. Defendants allegedly failed to provide a list of specific, necessary repairs, made false charges resulting in $16,000 in liens on the Property, and filed reports describing the Property as vacant when Lopez was occupying the Property. After the fire, White made cosmetic repairs to the Property and provided heat throughout the winter of 2007 to 2008. Even so, White was unable to restore the utilities because the City possessed a veto power over restoration. Defendants informed White that he must obtain a building

permit before he could restore the utilities. White never obtained a building permit and, thus, never restored the utilities.

At some point, the mortgagor, presumably Lopez, defaulted on the mortgage and the Property went into foreclosure. White planned to purchase the Property at the foreclosure sale. At some point after the default, Lopez filed for bankruptcy. Because of Lopez's bankruptcy filing, the foreclosure sale was cancelled, presumably because the Property was part of Lopez's bankruptcy estate and the filing triggered the Bankruptcy Code's automatic stay. On October 16, 2008, and after Lopez's bankruptcy filing, Lopez restored the utilities to the Property, even though Lopez had not yet obtained a building permit. Around that same time, Lopez moved onto the Property pursuant to a bankruptcy petition. On May, 4, 2009, Lopez obtained a building permit. The heart of White's complaint is that Lopez restored the utilities and occupied the Property before he obtained a building permit, while Defendants told White he needed to first obtain a building permit before he could restore the utilities.

On October 8, 2010, White filed a complaint and later twice requested leave to file amended complaints. On February 15, 2011, White filed a Second Amended Complaint and asserted claims under 42 U.S.C. § 1983. White alleges that Defendants conspired to violate, and violated, his equal protection rights. White also alleges that the City is liable under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). On

March 7, 2011, Defendants filed a motion to dismiss White's Second Amended Complaint for failure to state a claim for relief.

## LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court accepts the well-pleaded allegations in the complaint as true, construes the allegations of the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## DISCUSSION

### I. Statute of Limitations

Defendants argue that White's claims are barred by the two-year statute of limitations for Section 1983 claims. In Illinois, the statute of limitations for a Section 1983 claim is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (applying Illinois law). A Section 1983 claim accrues when the plaintiff knows or should have known

that his or her constitutional rights were violated. *Licari v. City of Chi.*, 298 F.3d 664, 668 (7th Cir. 2002). Since White filed his original complaint on October 8, 2010, claims arising before October 8, 2008, are time-barred.

White's Section 1983 claims are based on Defendants' violation of his Fourteenth Amendment right to equal protection. Defendants maintain that White's claims accrued on June 28, 2007, when Defendants allegedly began conspiring to deprive White of his right to equal protection. White contends that he was not aware of the conspiracy or the violation of his right to equal protection until October 16, 2008, when the Defendants treated Lopez differently from White. As suggested by White, any equal protection claim would arise on the date that Defendants allegedly treated Lopez differently. *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) (class of one equal protection claim requires plaintiff to allege that defendant treated a similarly situated person differently). White alleges that, on October 16, 2008, the Defendants permitted Lopez to occupy the Property and restore the utilities without a building permit while previously requiring White to first obtain a building permit before he could restore the utilities. White filed his original complaint less than two years after Defendants allegedly treated Lopez differently. Accordingly, White's claims, which are premised on a violation of his right to equal protection, are timely.[2]

---

[2] Throughout the Second Amended Complaint, White alleges that unidentified departments of the City conducted warrantless searches of the Property and that the fire department seized the
(continued...)

## II. Claim for Violation of Fourteenth Amendment Right to Equal Protection

White's Section 1983 claims are premised on Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget*, 595 F.3d at 695 (citing *Enquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008)). A plaintiff alleging a class of one equal protection claim must establish that (1) a state actor intentionally treated him differently than others similarly situated and (2) no rational basis exists for the difference in treatment. *Id.* The plaintiff must demonstrate that the individual treated more favorably is identical or directly comparable to the plaintiff in all material respects. *Id.*

Plaintiff fails to allege a class of one equal protection claim for three reasons. First, White does not allege facts supporting the contention that any differential treatment by Defendants was intentional. White alleges that Defendants inconsistently applied procedural laws because of personal discretion and poor education and training.

Mere errors in judgment, however, do not support a claim of intentional discrimination. *Sunday Lake Iron Co. v. Wakefield Tp.*, 247 U.S. 350, 353 (1918)

---

[2](...continued)
Property on June 28, 2007. White also alleges that Defendants failed to notify him, in a timely manner, of the actions necessary for White to recover the Property. To the extent White's claims are based on an unreasonable search and seizure or a violation of due process, such claims are barred by the statute of limitations because the conduct occurred before October 8, 2008.

("There must be something more . . . something which in effect amounts to an intentional violation of the essential principle of practical uniformity."). White fails to allege facts demonstrating he was singled out and intentionally treated differently. *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010) (explaining that a plaintiff may assert a class of one claim if he or she was singled out arbitrarily, without rational basis, for unfair treatment). Because White fails to allege facts demonstrating intentional differential treatment by Defendants, his equal protection claim fails.

Second, nowhere in the Second Amended Complaint does White allege that he was treated differently from a similarly situated individual. Moreover, although White refers to Lopez, the allegations highlight the dissimilarities between the two individuals and reveal minimal, if any, similarities. *See LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010) (noting that dismissal is appropriate where plaintiff fails to allege facts tending to show it was similarly situated to any comparator). In particular, White admits that Lopez entered the Property pursuant to a bankruptcy petition and does not allege that he likewise filed for bankruptcy or sought to occupy the Property by filing for bankruptcy.[3] Even though Defendants required

---

[3] Thus, the actions of a bankruptcy court, and not the Defendants, lead to Lopez's occupancy of the Property. White also admitted that he was unable to purchase the property in a foreclosure sale because the sale was cancelled due to the bankruptcy filing. White cannot sue the Defendants because a bankruptcy court permitted Lopez to occupy the Property or because the rules of bankruptcy prevented the foreclosure sale.

White to first obtain a building permit before he could restore the utilities and did not require the same of Lopez, White was not in the same position as Lopez at the time Lopez acquired the building permit. At the time Lopez obtained the building permit, Lopez had already occupied the Property and restored the utilities pursuant to a bankruptcy petition. Lopez was only permitted to occupy the Property and restore the utilities before obtaining a building permit, unlike White, because of the actions of a bankruptcy court and not the Defendants. At the time Lopez and White each sought a building permit, they were not similarly situated. Had Lopez not filed for bankruptcy, Lopez and White might have been similarly situated.[4] The only factual similarity between White and Lopez is that both had an interest in the Property (even though the interests are dissimilar since Lopez was the titleholder and White had an equitable interest). Because White does not allege that Defendants treated a similarly situated individual differently, his equal protection claim fails.

Finally, White fails to allege that Defendants had no rational basis for treating White and Lopez differently. For these reasons, this Court dismisses White's class of one equal protection claim.

---

[4] White alleges other wrongful acts, but those acts are irrelevant to his equal protection claim because White does not allege that he was treated differently from anyone else, much less another similarly situated person.

### III. White's Remaining Claims

White also claims that Defendants conspired to violate his equal protection rights and that the City's policies, practices, or customs caused the constitutional violation, so that the City is liable under *Monell*. The plaintiff must demonstrate a constitutional violation to recover on either a Section 1983 claim for conspiracy or a *Monell* claim for municipal liability. *Palka v. Shelton*, 623 F.3d 447, 455 (7th Cir. 2010) (dismissing *Monell* claim because plaintiff could not allege a constitutional violation); *Holm v. Village of Coal City*, 345 F.App'x 187, 191 (7th Cir. 2009) (rejecting claims for conspiracy and municipal liability under *Monell* because plaintiff failed to establish a constitutional violation). Because White alleges no constitutional violation, White cannot state a claim for conspiracy or municipal liability under *Monell*.

### CONCLUSION

For the foregoing reasons, this Court grants Defendants' motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated:  June 20, 2011